FILED

07 JUL 26 AM 10: 19

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: PDC   DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOBELTEL, LLC,<br><br>                            Plaintiff,<br>vs.<br><br>INTEC BILLING, INC; INTEC BILLING SERVICES, INC.,<br><br>                            Defendants | CASE NO. 06cv2744 JM(CAB)<br><br>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ON COUNT I; DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION |

Defendants Intec Billing, Inc. and Intec Billing Services, Inc. (collectively "Intec") move for summary judgment on counts I, II, III, V, and VI and as to damages on Count IV on Plaintiff NobelTel, LLC's complaint. NobelTel opposes the motion. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the court grants the motion for summary judgment on Count I for false or misleading advertising under 15 U.S.C. §1125(a)(1)(B), declines to exercise supplemental jurisdiction over the state law claims, and dismisses the action without prejudice.

## BACKGROUND

On December 20, 2006, NobelTel commenced this action alleging federal question jurisdiction based upon its false advertising claim brought pursuant to the Lanham Act, 15 U.S.C. 1125(a)(1)(B). (Compl. ¶¶1, 2). "NobelTel, a licensed

telecommunications carrier, seeks monetary damages from Defendants based upon Defendants' failure to meet their contractual obligations to supply NobelTel with supported multiple rating engine enhancement that would allow NobelTel to track telecommunications traffic through multiple routes and apply billing rates to such traffic in real time to facilitate accurate and timely data for billing its customers." (Compl. ¶8). To achieve its goal for real-time bill tracking solutions, on August 5, 2003 NobelTel entered into a Software License and Support Agreement ("Software Agreement") and Professional Services Agreement with Digiquant, Inc., Intec's predecessor in interest.

On September 20, 2004, Intec issued a product roadmap for the software enhancements. (Compl. ¶14). NobelTel alleges that Intec "has never successfully produced or implemented the real time/multiple rating engine software enhancement for NobelTel's telecommunications network." (Compl. ¶16). NobelTel alleges that it dedicated 1000s of hours to implement Intec's software and that it "has suffered millions of dollars in lost business and wasted man-hours as a result of Defendants' failure to meet their obligations under the Software Agreement and Professional Services Agreement." (Compl. ¶19). NobelTel also alleges that Intec made false or misleading representations in its sales materials and website. (Compl. ¶22). NobelTel does not identify the nature of the allegedly false and misleading statements.

Based upon the above generally described conduct, Plaintiff alleges six causes of action for false advertising in violation of 15 U.S.C. §1125(a)(1)(B); false advertising in violation of Cal. Bus. & Prof. Code §17500; unlawful business practices and false advertising under Cal.Bus.&Prof. Code §17200; breach of contract; intentional misrepresentation; and fraudulent inducement to enter into contract.

Intec moves for summary judgment on Counts I, II, III, V, and VI, and to damages on Count IV. NobelTel opposes the motion on all counts.

# DISCUSSION

**Legal Standards**

A motion for summary judgment shall be granted where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56©); British Airways Bd. v. Boeing Co., 585 F.2d 946, 951 (9th Cir. 1978), cert. denied, 440 U.S. 981 (1979). The moving party bears the initial burden of informing the court of the basis for its motion and identifying those portions of the file which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). There is "no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim." Id. (emphasis in original). The opposing party cannot rest on the mere allegations or denials of a pleading, but must "go beyond the pleadings and by [the party's] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (citation omitted). The opposing party also may not rely solely on conclusory allegations unsupported by factual data. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

The court must examine the evidence in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Any doubt as to the existence of any issue of material fact requires denial of the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). On a motion for summary judgment, when "'the moving party bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence were uncontroverted at trial.'" Houghton v. South, 965 F.2d 1532, 1536 (9th Cir. 1992) (emphasis in original) (quoting International Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1264-65 (5th Cir. 1991), cert. denied, 502 U.S. 1059 (1992)).

**The Federal Claim, 15 U.S.C. § 1125(a)(2)(B), Count I**

NobelTel's federal false advertising claim is based on an allegation regarding a

1  "description of the real time rating/multiple rating engine enhancement" contained on
2  Intec's website. (Compl. ¶¶21, 15). NobelTel does not identify the allegedly false and
3  misleading representations. (Compl. ¶¶14, 15, 21). In order to prove a claim for false
4  advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), a plaintiff must
5  establish: 1) in advertisements, defendant made false statements of fact about its own
6  or another's product; 2) those advertisements actually deceived or have the tendency
7  to deceive a substantial segment of their audience; 3) such deception is material, in that
8  it is likely to influence the purchasing decision; 4) defendant caused its falsely
9  advertised goods to enter interstate commerce; and 5) plaintiff has been or is likely to
10 be injured as the result of the foregoing either by direct diversion of sales from itself
11 to defendant, or by lessening of the goodwill which its products enjoy with the buying
12 public. See Cook, Perkiss, and Liehe, Inc. v. N. Cal. Collection Serv., 911 F.2d 242,
13 244 (9th Cir.1990). Although it appears that the complaint fails to sufficiently identify
14 the contours of a false advertising Lanham Act claim, Intec does not move for summary
15 judgment based upon these elements. Rather, Intec moves for summary judgment on
16 the threshold issue of whether Intec has standing to even assert a claim under the
17 Lanham Act.

18       In enacting the Lanham Act, Congress stated that the purpose of Section 43(a)
19 of the Lanham Act, 15 U.S.C. §1125(a), "is to regulate commerce within the control
20 of Congress . . . to protect persons engaged in such commerce against unfair
21 competition." 15 U.S.C. §1227. In Halicki v. United Artists Communications, Inc.,
22 812 F.2d 1213 (9th Cir. 1987), the Ninth Circuit stated that an actionable claim under
23 §1125(a) "must not only be unfair but must in some discernible way be competitive.
24 . . . If Section 43(a) is not confined to injury to a competitor in the case of a false
25 designation (or advertising claim), it becomes a federal statute creating the tort of
26 misrepresentation, actionable as to any goods or services in commerce affected by the
27 misrepresentation." Id. at 1214; Abstract Serv., Inc. v. First Am. Title. Ins. Co., 173
28 F.3d 725, 735 (9th Cir. 1999) (a false advertising claim for purposes of the Lanham Act

must be made "by a defendant who is in commercial competition with plaintiff").

Here, the court concludes that NobelTel fails to show that it and Intec are commercial competitors for purposes of a Lanham Act false advertising claim. Richard L. Mahfouz, President of NobelTel, declares that "NobelTel is a telecommunications carrier that supplies traditional telecommunications services and Voice over Internet Protocol ('VoIP') services." (Mahfouz Decl. ¶2; Compl. ¶ 8). On the other hand, NobelTel alleges that Intec is in the business of providing internet billing tracking software. (Compl. ¶11). The only other evidence offered by NobelTec consists of a reference to a provision in the Software License and Support Agreement which states that "except for Licensee's reseller customers for whom Licensee will use the Licensed Software to allow such reseller customers to resell Licensee's service offering to their end users. . . ." and a statement that NobelTel intended to provide Intec's software to its customers. (Mahfouz Decl. ¶19).

In contrast to NobelTel's telecommunications carrier business, Intec "develops, implements, and supports Business and Operations Support Systems (BSS/OSS) for communications providers." (Meginley Decl. ¶2). Moreover, with respect to NobelTel's argument that it is authorized to resell Intec's software, the court notes that such sales are subject to the terms and conditions contained in the Software Agreement. Absent a further showing that the parties are competitors in the marketplace, NobelTel fails to make a sufficient showing that there are any genuine issues of material facts with respect to the false advertising claim. The Lanham Act is not designed to provide a remedy for all misrepresentations made in the course of business transactions. To recognize what are essentially state law breach of contract and misrepresentation claims as false advertising claims would achieve what the <u>Halicki</u> court cautioned against: the conversation of state law commercial disputes into a federal statute "actionable as to any goods or services in commerce affected by the misrepresentation [or breach of contract]." 812 F.2d at 1214.

In sum, NobelTel fails to submit sufficient evidence to give rise to a genuine

issue of material fact with respect to whether NobelTel and Intec are competitors within the meaning of the Lanham Act. Consequently, the court grants summary judgment in favor of Intec and against NobelTel on Count I, the Lanham Act claim.

**Dismissal of the Action**

As set forth above, the court has granted summary judgment on the only federal claim in this action. As federal question jurisdiction is the only alleged basis for the exercise of subject matter jurisdiction over the action, the court declines to exercise supplemental jurisdiction over the remaining state law claims under 28 U.S.C. §1367. "In the usual case in which federal law claims are eliminated before trial, the balance of factors point toward declining to exercise jurisdiction over the remaining state law claims." Reynolds v. County of San Diego, 84 F.3d 1162, 1171 (9th Cir. 1996). Here, the action was commenced about seven months ago and there appears to be no substantial prejudice to the parties if the court declines to exercise jurisdiction over the state law claims.

Finally, the court notes that the absence of a federal claim – when subject matter jurisdiction is based solely upon 28 U.S.C. §1331 – cannot be amended to allege a different federal claim. The action must be dismissed. See Newman-Green, Inc. v. Alfonzo-Larrain, 429 U.S. 826, 830-31 (1989). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998) (quoting Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868)). Federal courts are under a continuing duty to confirm their jurisdictional power and are even "obliged to inquire sua sponte whenever a doubt arises as to [its] existence. . . ." Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977) (citations omitted) Accordingly, the court dismisses the action without prejudice.[1]

---

[1] The court notes that the present dismissal does not prevent NobelTel from pursuing the state law claims in an appropriate forum.

In sum, the court grants Intec's motion for summary judgment on the Lanham Act false advertising claim, declines to exercise supplemental jurisdiction over the state law claims, and dismisses the action without prejudice.

**IT IS SO ORDERED.**

DATED: 7/25 , 2007

JEFFREY T. MILLER
United States District Judge

cc: All parties